[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The complaint in this action was returned to court on August 20, 1996. It involves an attempt by plaintiff to collect sums due from the defendant for advertising in SNET telephone directories. The complaint contains four counts: the first three counts allege the publication of advertising for the defendant in the New Haven and Norwalk area phone books in 1993, pursuant to a written agreement with the plaintiff, executed on or about September 18, 1992. (Plaintiff's Exh. D). The defendant admits that he owes the sum of $5,933.77 for services rendered pursuant to this contract but disputes his obligation for attorney's fees and interest, which are expressly allowed by the contract.
The court finds that the plaintiff has sustained its burden of proof on the essential allegations of count one and that the defendant has failed to provide the court with any substantial reason why it should deviate from the express provisions of the contract with regard to attorney's fees or interest.
Accordingly, judgment may enter on count one for the plaintiff in the amount of $5,933.77, plus $890.05 attorney's fees, together with interest in the amount of $1,620, together with costs. CT Page 6023
Count four of the plaintiff's complaint is based on a written agreement of the parties agreeing to compromise sums owed by defendant to plaintiff for yellow page advertising published in 1990 and 1991. The defendant denied the parties settled their dispute by way of a written settlement agreement by which defendant agreed to pay plaintiff the amount of $16,000 in installment payments but admitted he paid $2500 which was applied against the $16,000 debt. Defendant filed three special defenses to this count: duress; statute of limitations; lack of considerations. Plaintiff's reply denied these special defenses.
The court finds that as of May 15, 1991, the plaintiff claimed that defendant had previous a balance of $23,753.54 and that he incurred current charges and directory advertising charges thereafter until November 15, 1991, in the amount of $22,547.33, creating a new balance due of $46,300.87. (Plaintiff's Exh. K.) The defendant admitted he owed some money but disputed this amount. The parties negotiated and arrived at an oral settlement agreement on or about July 27, 1992. (Plaintiff's Exh. E.) Defendant attempted to reopen this settlement agreement on or about September 21, 1992. (Plaintiff's Exh. H). Plaintiff refused to reopen the negotiations, and on November 20, 1992, forwarded the defendant a written document memorializing the oral agreement of July 27, 1992. (Plaintiff's Exhs. C and E). Defendant executed this agreement on December 18, 1992, and acknowledged his signature before a notary that same day.
The court finds that defendant signed this agreement of his own free will voluntarily and knowledgeably under no duress. The court further finds that the defendant has failed to sustain his burden of proof on his claim that the statute of limitations has expired. The agreement between the parties (Plaintiff's Exhibit E) is recognized in the common law as a contract of accord to settle outstanding claims between the parties. The consideration for this contract was the creditors' receipt and acceptance of $2500 in installment payments made by the defendant against the agreed upon debt of $16,000. County Fire Door Corporation v. C.F. Wooding Co., 202 Conn. 277, 281 (1987). See also footnote 2, which opines that an accord may be enforceable even in the absence of traditional consideration by the presence of reasonable reliance of one of the contracting parties. The court finds such reasonable reliance on plaintiff's part. CT Page 6024
Accordingly, judgment may enter on the fourth count of the complaint in the amount of $13,500.
Dorsey, J. Judge Trial Referee